*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0297p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AHMAD KHALIL BARAKAT,

　　　　　　　　　　　*Petitioner,*

　　　*v.*

ERIC H. HOLDER, JR., Attorney General,

　　　　　　　　　　　*Respondent.*

No. 09-3675

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A043 348 247 Detroit.

Argued: June 14, 2010

Decided and Filed: August 18, 2010[*]

Before: BOGGS, ROGERS, and COOK, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Maris J. Liss, GEORGE P. MANN AND ASSOCIATES, P.C., Farmington Hills, Michigan, for Petitioner. Jennifer Paisner Williams, UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent. **ON BRIEF:** George P. Mann, GEORGE P. MANN AND ASSOCIATES, P.C., Farmington Hills, Michigan, for Petitioner. Jennifer Paisner Williams, David V. Bernal, UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

_____

[*] This decision was originally issued as an "unpublished decision" filed on August 18, 2010. On September 9, 2010, the court designated the opinion as one recommended for full-text publication.

―――――――――――

**OPINION**

―――――――――――

ROGERS, Circuit Judge.   Ahmad Khalil Barakat, a native and citizen of Lebanon, petitions this court for review of the Board of Immigration Appeals' denial of his motion to terminate removal proceedings.  Barakat and most of his immediate family members entered the United States on immigrant visas in 1992 and then became lawful permanent residents.   Ten years later, the Government charged Barakat with removability on the basis of an intervening state conviction of a controlled substance offense.   An Immigration Judge found that the Government had proved Barakat's removability with clear and convincing evidence and then denied Barakat's requests for relief from removal.  Barakat appealed the IJ's adverse decision to the BIA.  While his appeal to the BIA was pending, however, Barakat moved the state court to withdraw his guilty plea.  After the state court granted the motion and dismissed Barakat's ten-year-old criminal case, he moved the BIA to terminate his removal proceedings.  Because the BIA improperly put the burden on Barakat to prove that the state court's vacatur of his conviction was not for rehabilitative or immigration reasons, and because the Government failed to bear its burden of proving that Barakat's conviction was vacated for rehabilitative or immigration reasons, we grant this petition for review.

Barakat entered the United States legally in September 1992 after his brother, a United States citizen, petitioned for a visa on Barakat's behalf.  *See* 8 U.S.C. § 1153(a)(4); 8 C.F.R. § 204.2(g)(1).  Approximately five years later, Barakat pled guilty in the Recorder's Court in the City of Detroit to possession of less than twenty-five grams of cocaine in violation of Mich. Comp. Laws § 333.7403(2)(a)(v).  The state court sentenced him to one year of probation pursuant to Mich. Comp. Laws § 333.7411, which allows a state court, "without entering a judgment of guilt," to impose a sentence of probation upon a first-time offender guilty of one of a number of controlled substance offenses.  Section 7411 provides that,

[u]pon fulfillment of the terms and conditions [of probation], the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and . . . is not a conviction . . . for purposes of disqualifications or disabilities imposed by law upon conviction of a crime . . . .

*Id.* § 333.7411(1). Thus, after Barakat completed his probation, the state court dismissed the proceedings against him.

In September 2002, the Government filed a Notice to Appear charging Barakat with removability pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) as an "alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance." In a proceeding before an IJ, Barakat conceded the following factual allegations supporting his removability: (1) that he is "not a citizen or national of the United States"; (2) that he is "a native of Lebanon and a citizen of Lebanon"; and (3) that he was "admitted to the United States at New York, New York[,] on or about September 19, 1992[,] as an Immigrant (F4-1)." However, Barakat denied the Government's fourth factual allegation, i.e., that he had been convicted of a state controlled substance offense in December 1997, and therefore denied that he was removable. Barakat's counsel argued that, because Barakat's "case was handled under" Mich. Comp. Laws § 333.7411, it "was dismissed without an adjudication [of] guilt." The Government, in turn, submitted as evidence the state court record of conviction. The IJ ultimately concluded that, notwithstanding the state court's dismissal of Barakat's criminal proceedings pursuant to Mich. Comp. Laws § 333.7411, the conviction remained valid for immigration purposes and the Government had proved removability with clear and convincing evidence.

In the meantime, Barakat applied for withholding of removal, protection under the Convention Against Torture, and voluntary departure. Following a hearing at which the IJ received testimony from both Barakat and his son, the IJ determined that Barakat was not credible, denied his requests for relief from removal, and ordered him removed to Lebanon. The BIA later affirmed these rulings. Barakat does not challenge the

adverse credibility finding or the denial of his requests for relief from removal on his petition for review to this court.

While Barakat's appeal was pending before the BIA, he moved the Third Judicial Circuit Court in Wayne County, Michigan, to withdraw his 1997 guilty plea. The state court granted his motion and, on June 22, 2007, dismissed the criminal case against him with prejudice and "in best interests of justice." As a result of this change in the status of his criminal conviction, Barakat moved the BIA to terminate his removal proceedings, arguing that his "conviction ha[d] been vacated for sound reason and not solely to avoid the consequences of an immigration order of removal." Barakat included with his motion certified copies of the state court's order granting his motion to withdraw his guilty plea and the order dismissing his criminal case.

In opposing Barakat's motion, the Government asserted that Barakat "must proffer evidence to sustain [his] burden" of proving that his "conviction was not vacated solely for immigration purposes." The Government then argued that "the record sheds no light whatsoever on the reason" for the state court's vacatur of Barakat's conviction. The Government therefore urged the BIA to deny the motion.

The BIA did just that. The BIA discussed and disposed of Barakat's motion to terminate removal proceedings in a single paragraph of its decision on the merits of his appeal:

> Following the Immigration Judge's decision, [Barakat] obtained a dismissal of his criminal case, which was the underlying charge in his Notice to Appear. We find that [Barakat] failed to provide evidence from which it may be reasonably inferred that his motion to withdraw his guilty plea was granted on any recognized legal ground. On this record, the only reasonable inference that can be drawn is that the conviction was vacated for the sole purpose of relieving [Barakat] from his removal.

(citing *Sanusi v. Gonzales*, 474 F.3d 341 (6th Cir. 2007); other internal citations omitted). Barakat now petitions for review of the BIA's denial of his motion to terminate removal proceedings.

Barakat appended to his reply brief in this court a copy of his "Motion to Set Aside Guilty Plea and For New Trial," allegedly filed in state court on June 12, 2007. Barakat's motion to withdraw his guilty plea was not submitted for the BIA's consideration and is therefore not part of the administrative record.   Barakat subsequently moved this court to take judicial notice of the state court filing and maintains that this court has the authority to do so pursuant to Federal Rule of Evidence 201(f).  Barakat contends that his motion to withdraw his guilty plea "incontrovertibl[y]" shows that he asserted grounds for a new trial that are "valid for immigration purposes." He emphasizes that his motion to withdraw his guilty plea is "accessible to the public" because it was filed in state court and "was not subject to any sort of protective . . . or privacy order."  In opposing Barakat's motion to take judicial notice, the Government relies upon 8 U.S.C. § 1252(b)(4)(A), which requires this court to decide petitions for review solely upon the administrative record.

Although Barakat had initially asked this court to terminate his removal proceedings outright, in the week before oral argument he moved this court for the "alternate relief of remand" in light of the United States Supreme Court's recent decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).  The Government joins in requesting a remand "for [the BIA] to consider, in the first instance, the effect of the Supreme Court's decision in *Padilla* on [t]his case."

This court has jurisdiction to entertain Barakat's petition for review to the extent that it challenges the BIA's assignment of the burden of proof.  Pursuant to 8 U.S.C. § 1252(a)(2)(C), "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in," among other statutory provisions, 8 U.S.C. § 1227(a)(2)(B)(i).  Subparagraph (D) provides that "[n]othing in subparagraph . . . (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review."  *Id.*

§ 1252(a)(2)(D). This court therefore lacks jurisdiction to consider the final order of removal against Barakat, who was initially subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), except to the extent that he seeks "review of constitutional claims or questions of law." *Id.* § 1252(a)(2)(C)-(D). Because this court has previously characterized as a "question of law" whether the BIA "assigned to [the alien] the correct burden of proof" in removal proceedings, *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006); *see also Nerghes v. Mukasey*, 274 F. App'x 417, 422 (6th Cir. 2008), we have jurisdiction to decide the burden-of-proof issue in this case.

The BIA erred by requiring Barakat "to provide evidence from which it may be reasonably inferred that his motion to withdraw his guilty plea was granted on any recognized legal ground." In *Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006), this court stated clearly "that the government bears the burden of proving that a vacated conviction remains valid for immigration purposes." *Id.* at 269 n.4; *see Al-Najar v. Mukasey*, 515 F.3d 708, 715 n.4 (6th Cir. 2008). Indeed, although the burden of production may shift during removal proceedings, the ultimate burden of persuasion remains with the Government, which must prove removability with clear and convincing evidence, 8 U.S.C. § 1229a(c)(3)(A); *see Pickering*, 465 F.3d at 268 & n.3. Accordingly, once the Government makes out a prima facie case of removability, the burden shifts to the alien to produce evidence of his non-removability. *Id.* at 268-69. "[E]vidence that the conviction for which the government wishes to deport [the alien] has been vacated by a court of competent jurisdiction . . . is sufficient to meet [this] burden . . . ." *Id.* at 269. At that point, "the government must produce evidence of a conviction that remains valid for immigration purposes." *Id.* Whereas a "conviction vacated for rehabilitative or immigration reasons remains valid," a conviction "vacated because of procedural or substantive infirmities does not." *Id.* at 266. For the Government to carry its ultimate burden, then, "the government must prove, with clear and convincing evidence, that the [alien]'s conviction was quashed solely for rehabilitative reasons or reasons related to his immigration status." *Id.* at 269. At no time, however, does the alien bear the burden of proving that his conviction was vacated on a "recognized legal ground."

Although the BIA cited *Sanusi v. Gonzales*, 474 F.3d 341 (6th Cir. 2007), as support for its denial of Barakat's motion to terminate removal proceedings, the BIA's reliance on *Sanusi* was misplaced. In *Sanusi*, the petitioner-alien was subject to removal because he had been "convicted of a crime involving moral turpitude." *Id.* at 343 (citing 8 U.S.C. § 1227(a)(2)(A)(i)). Approximately one year earlier, the alien had received a citation for property theft in violation of state law. *Id.* Rather than appear in state court, the alien had simply paid a fine. *Id.* After the Government charged the alien with removability, however, he petitioned the state court for a writ of coram nobis, seeking to vacate his theft conviction. *Id.* The alien's state court petition

> referenced the deportation proceedings, noted that he was subject to deportation action, and averred that "[t]he only basis for preventing this collateral consequence of deportation is through a vacation of the conviction." Petitioner further asserted that he "was not advised on the citation that by paying the fine and avoiding a court appearance his guilty plea could or would result in drastic and severe immigration consequences, specifically deportation from the United States."

*Id.* (internal citations omitted). The state court granted the writ and vacated the conviction but did not explain the basis for its action. *Id.* at 344. The IJ and the BIA nonetheless concluded that the vacated conviction remained valid for immigration purposes because the writ was granted to avoid immigration hardship. *Id.* at 344-45. On petition for review, this court agreed, distinguishing the earlier decision in *Pickering*: "[U]nlike the petitioner in *Pickering*, petitioner Sanusi did not raise or argue any colorable legal basis for the vacation of his conviction"; rather, he had "merely asked for mercy from the harsh immigration consequences of his conviction." *Id.* at 347. A review of the alien's petition for the writ and the state court's docket entry granting the writ "fail[ed] to provide the evidence from which it may be reasonably inferred that the writ of *coram nobis* was granted on any recognized legal ground." *Id.* As a result, and "[o]n this record, the only reasonable inference that c[ould] be drawn [wa]s that the conviction was vacated for the sole purpose of relieving Sanusi from deportation." *Id.*

In the instant case, the BIA relied upon the above-quoted language from *Sanusi* in putting the burden on Barakat to prove that the state court had vacated his

conviction on a "recognized legal ground."  But this language from *Sanusi* does not mean that the burden of proof as to removability is now on the alien instead of the Government.  Rather, this language distinguishes *Pickering* and explains that, in *Sanusi*, the Government had carried its burden by presenting circumstantial evidence that the alien's conviction had been vacated solely to avoid immigration consequences.  *See Al-Najar*, 515 F.3d at 716 ("In *Sanusi v. Gonzales*, 474 F.3d 341 (6th Cir. 2007), we distinguished *Pickering* and held that the government had met its burden . . . .").  *Sanusi* therefore does not support the BIA's placing the burden of proof on Barakat.

The Government, moreover, did not carry its burden in this case.  *Cf. id.* at 715 n.4 ("[T]he BIA appeared to improperly place the burden on the petitioner . . . .  [D]espite the BIA's error, we hold that the government has met its burden in this case.").  Although the Government initially proved that Barakat had been convicted of a controlled substance offense, Barakat subsequently produced evidence that a state court had vacated his conviction.  The Government then failed to prove that the conviction was vacated for rehabilitative or immigration reasons.

The evidence in the administrative record is not conclusive as to why the state court vacated Barakat's conviction.  The only evidence in the record on this point came from Barakat himself:  when he moved to terminate his removal proceedings, he submitted, as proof that the state court had vacated his conviction, the order granting his motion to withdraw his guilty plea and the order dismissing his criminal case.  The order granting his motion to withdraw his guilty plea is a standard form, with the blanks filled in by hand, and it lacks any explanation of the state court's reasons for granting the motion.  The order of dismissal, also a standard form, indicates only that the state court dismissed the criminal case with prejudice and "in best interests of justice."  These documents fail to show, one way or the other, why the state court vacated Barakat's conviction.

Rather than putting forth evidence on this point, the Government insisted that Barakat had the burden of proof, rationalizing that "[c]learly [he] is in the best position to demonstrate why the case against [him] was dismissed almost ten years after the

conviction." The Government acknowledged—indeed, even argued—before the BIA that "the record sheds no light whatsoever on the reason" underlying the state court's actions. Whatever policy arguments the Government might make for shifting the burden of proof, the fact remains that in *Pickering*—a case decided more than one year before the Government filed its response to Barakat's motion to terminate removal proceedings—we stated clearly "that the government bears the burden of proving that a vacated conviction remains valid for immigration purposes." 465 F.3d at 269 n.4. On the record in this case, there is no basis to infer that the state court vacated Barakat's conviction for rehabilitative or immigration reasons.

> The Government asserts that
>
> *Pickering* cannot stand for the proposition that the government fails to meet its burden to show that an alien's conviction was vacated solely for rehabilitative or immigration purposes where the alien not only fails to provide any evidence that he raised or argued a colorable legal basis for the vacatur, but in fact withholds evidence presumably within his possession (here, Barakat's motion to withdraw his guilty plea) that could shed light on the state court's basis for vacating the conviction.

If an alien in removal proceedings must move all of the relevant documents into evidence, and then must prove that he argued a colorable legal basis for vacating his conviction, it is not clear what burden remains for the Government to bear. Nor is there any indication in the record that the Government asked Barakat or the state court for a copy of his motion to withdraw his guilty plea, let alone that Barakat "withheld" that motion from the Government. Indeed, Barakat has moved this court to take judicial notice of that same motion.

The Government also contends that this case is "akin to the circumstances in *Sanusi*, 474 F.3d 341, and *Al-Najar*, 515 F.3d 708." The Government's argument is unavailing, however, because in each of those cases the alien's state court filings were included as part of the administrative record. *See Sanusi*, 474 F.3d at 343-44; *Al-Najar*, 515 F.3d at 712. Thus, in each of those cases, there was a factual basis for the BIA to conclude that the alien's conviction was vacated for rehabilitative or immigration reasons. *See Sanusi*, 474 F.3d at 347; *Al-Najar*, 515 F.3d at 716. But, as discussed, that

is not the case here. Because the BIA improperly placed the burden of proof on Barakat, and because the Government did not carry its burden in spite of the BIA's error, we grant Barakat's petition for review and remand to the BIA for consideration of his motion to terminate removal proceedings using the correct burden of proof.[1] *See Tran*, 447 F.3d at 943-44.

As to Barakat's motion to take judicial notice of his "Motion to Set Aside Guilty Plea and for New Trial," allegedly filed in state court, this court is statutorily required to "decide the petition [for review] only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Even if this court could take judicial notice of Barakat's motion to withdraw his guilty plea, "the proper inquiry is whether we *should* take such notice in the first instance." *Khora v. Gonzales*, 172 F. App'x 634, 639 (6th Cir. 2006) (emphasis added). The question that ultimately drives this case—whether the state court vacated Barakat's conviction for rehabilitative or immigration reasons—involves at least an element of fact. It would be improper for this court to consider the effect of Barakat's motion to withdraw his guilty plea on his removability without "allow[ing] the BIA 'the opportunity to address the matter in the first instance in light of its own expertise.'" *Id.* (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 17 (2002)). In any event, this court lacks jurisdiction to consider factual issues on Barakat's petition for review. *See* 8 U.S.C. § 1252(a)(2)(C)-(D). We therefore deny Barakat's motion to take judicial notice.[2] The BIA should consider in the first instance whether to take administrative notice of Barakat's motion to withdraw his guilty plea, *see* 8 C.F.R. § 1003.1(d)(3)(iv), and whether remand to the IJ is appropriate.

---

[1]To the extent that Barakat raised as an issue on petition for review the BIA's failure to decide his case by a three-member panel, he has waived that argument by failing to develop it further. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

[2]The Government moved to strike Barakat's reply brief "to the extent the argument therein relies on" his motion to withdraw his guilty plea. In light of our disposition of this case, we need not address the Government's motion to strike; we therefore deny that motion as moot. *See Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 n.7 (6th Cir. 2010).

We grant Barakat's petition for review, vacate the decision below, and remand to the BIA for further proceedings consistent with this opinion.  On remand, the BIA may also consider whether the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), has any effect on the outcome of this case.