**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0220n.06

**Case No. 13-3758**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 20, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HEMANTKUMAR BALVANTSINH PADHIYAR, | ) ) ) | |
| Petitioner, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES |
| v. | ) ) | BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) ) ) | O P I N I O N |

BEFORE:     NORRIS, COLE, and GIBBONS, Circuit Judges.

COLE, Circuit Judge.   Hemantkumar Padhiyar petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") in May 2013 pursuant to the Immigration and Naturalization Act, 8 U.S.C. § 1229a. Padhiyar argues that the immigration judge abused his discretion in denying his request to continue the removal proceedings. He also disputes the BIA's conclusion that his criminal charge for theft, which was subsequently dismissed, rendered him ineligible for cancellation of removal under 8 U.S.C. § 1229b. For the reasons addressed below, we deny Padhiyar's petition.

**I.  BACKGROUND**

A native and citizen of India, Padhiyar entered the United States without inspection in 1995. He later married, and he and his wife live in Tennessee and have two minor children, both

born in the United States. In the fall of 2008, Padhiyar was charged with theft of property and sales tax evasion in violation of Tenn. Code Ann. §§ 39-14-103 and 67-1-1440(g). He entered a plea of guilty pursuant to Tenn. Code Ann. § 40-35-313 in December 2009 and was sentenced to three years of probation for the theft offense and one year of probation for the tax offense. Section 40-35-313 provides that "[a] court may defer further proceedings against a qualified defendant . . . without entering a judgment of guilty." Tenn. Code. Ann. § 40-35-313(a)(1)(A). The defendant is then placed on a term of probation, and if he or she complies with its conditions, the charges are dismissed at the end of the term. § 40-35-313(a)(2).

After Padhiyar was charged with theft and tax evasion, the Department of Homeland Security ("DHS") initiated removal proceedings against him. In October 2008, Padhiyar was issued a Notice to Appear, alleging that he had entered the country without inspection. Padhiyar conceded removability at his first immigration hearing but planned to file an application for non-resident cancellation of removal. When the immigration judge ("IJ") inquired about Padhiyar's criminal charges, noting that they could render him ineligible for relief, Padhiyar and his attorney stated that the charges were still pending. The immigration judge continued Padhiyar's removal proceedings to allow the criminal matter to be resolved.

In August 2010, Padhiyar filed a petition for post-conviction relief in state court, arguing that his trial counsel had been ineffective. At a hearing later that month, the IJ granted Padhiyar a second continuance due to the ongoing criminal matter. In January 2011, the IJ again continued removal proceedings until July, when he asked Padhiyar to appear in court and file his application for cancellation of removal. He also set a hearing on the application for January 30, 2012. After filing his application as instructed, and before the January hearing, Padhiyar petitioned the Tennessee state court to suspend his remaining sentence of probation.

Several days before the January 2012 immigration hearing, Padhiyar again moved for a further continuance from the immigration court, which was denied. In response, the government moved to pretermit Padhiyar's application for cancellation of removal on the basis that his conviction for theft made him ineligible for cancellation. The IJ granted the government's motion and denied Padhiyar's application, noting that the court had already granted multiple continuances and agreeing with DHS's position that Padhiyar was ineligible regardless of the outcome of his motion pending in state court. Shortly thereafter, in February 2012, the Tennessee court granted Padhiyar's motion to suspend his remaining sentence, effectively dismissing his criminal case.

Padhiyar appealed to the BIA, which affirmed the IJ's denial of a continuance and order of removal. Specifically, the BIA found that Padhiyar had not shown good cause for a continuance, and that his theft conviction precluded him from obtaining cancellation of removal because the relevant definition of a conviction "includes a deferred adjudication or deferred sentencing . . . where the charge is dismissed on completion of probation." Thus, the BIA reasoned, Padhiyar's conviction remained "in effect for immigration purposes."

The BIA had jurisdiction over Padhiyar's appeal from the IJ under 8 C.F.R. § 1003.1(b)(3). This court has jurisdiction under 8 U.S.C. § 1252, which authorizes judicial review of final orders of removal.

## II. ANALYSIS

### A. Effect of Theft Conviction on Eligibility for Relief

Padhiyar's primary argument on appeal is that the BIA incorrectly concluded that he was not eligible for cancellation of removal. Because this issue presents a legal question involving the BIA's interpretation of statutes and regulations, we review it de novo. *See Sanusi v.*

- 3 -

*Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007); *Patel v. Ashcroft*, 401 F.3d 400, 407 (6th Cir. 2005).

The Attorney General may cancel removal of an unlawful immigrant who meets certain requirements. *See* 8 U.S.C. § 1229b(b). In particular, the individual seeking relief must not have been convicted of a crime involving moral turpitude. *See id.*; 8 U.S.C. § 1182(a)(2); 8 U.S.C. § 1227(a)(2). Padhiyar does not contest that he entered the country without being admitted or paroled and is therefore removable. *See* 8 U.S.C. § 1182(a)(6)(A). Nor does he dispute that theft is a crime involving moral turpitude that would typically make one ineligible for cancellation of removal. *Cf. Yeremin v. Holder*, 738 F.3d 708, 714–15 (6th Cir. 2013); *Kellermann v. Holder*, 592 F.3d 700, 703–05 (6th Cir. 2010). Padhiyar argues only that he remains eligible for cancellation of removal because a Tennessee court suspended the remainder of his probation term—effectively expunging or vacating any conviction under state law—before his application for cancellation of removal reached the BIA. The BIA rejected this argument and concluded that Padhiyar's conviction remained valid for immigration purposes because it was vacated or dismissed pursuant to a state rehabilitative statute.

The Immigration and Nationality Act ("INA") includes a specialized definition of a "conviction":

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilty has been withheld, where—
>
> > (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> >
> > (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). The BIA concluded that this definition encompasses situations like Padhiyar's—"a deferred adjudication or deferred sentencing, where no imprisonment or fine is imposed, and where the charge is dismissed on completion of probation." We agree.

For the purposes of immigration law, it matters why a conviction was vacated, or never entered in the first place. "A conviction vacated for rehabilitative or immigration reasons remains valid for immigration purposes, while one vacated because of procedural or substantive infirmities does not." *Pickering v. Gonzales*, 465 F.3d 263, 266 (6th Cir. 2006). Whether a state statute expunges a criminal conviction that has already been entered, or dismisses charges after delayed adjudication, in either case the offender has been "convicted" for the purposes of federal immigration law so long the two requirements of § 1101(a)(48)(A) are met. *See In re Salazar-Regino*, 23 I. & N. Dec. 223, 235 (BIA 2002) (en banc); *In re Devison-Charles*, 22 I. & N. Dec. 1362, 1371–72 (BIA 2001); *In re Roldan-Santoyo*, 22 I. & N. Dec. 512, 523 (BIA 1999), *overruled on other grounds by Lujan-Armendariz v. Immigration and Naturalization Serv.*, 222 F.3d 728 (9th Cir. 2000); *see also Uritsky v. Gonzales*, 399 F.3d 728, 732–36 (6th Cir. 2005). As discussed below, the record establishes that Padhiyar's adjudication was deferred, and his potential conviction negated, by means of Tenn. Code Ann. § 40-35-313, the state's "judicial diversion statute." *State v. Turco*, 108 S.W.3d 244, 246 (Tenn. 2003). The Tennessee statute in question here is functionally indistinguishable from those that the BIA has considered. *See In re Salazar-Regino*, 23 I. & N. Dec. at 224, 235 (citing Tex. Code Crim. Proc. Ann. art. 42.12); *In re Roldan-Santoyo*, 22 I. & N. Dec. at 514–23 (citing Idaho Code Ann. § 19-2604 and discussing various state rehabilitative statutes).

Although Padhiyar may be correct that he was never convicted under Tennessee law, this argument is beside the point. Padhiyar was deemed convicted under the INA because he

admitted to sufficient facts to warrant a finding of guilt and was sentenced to three years of probation as a result. *See* 8 U.S.C. § 1101(a)(48)(A); *see also Turco*, 108 S.W.3d at 246; *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. 1992) (both indicating that § 40-35-313 applies after guilt is established by plea or trial, or after plea of nolo contendere). For the purposes of federal immigration law, it is the INA's definition of a conviction, not Tennessee's, that controls.

Padhiyar also argues that it is unclear why the state court suspended his remaining term of probation. He notes that he petitioned for post-conviction relief in state court, claiming ineffective assistance of counsel, and obliquely suggests that this might have been the basis for the order to suspend. Had the state court granted relief on this basis, Padhiyar is correct that he would not have a "conviction" under the INA. *See Pinho v. Gonzales*, 432 F.3d 193, 215 (3rd Cir. 2005). But he offers no evidence to suggest that this is the case. Instead, all signs point to the contrary.

Padhiyar's petition for relief on the basis of ineffective assistance was filed in August 2010. Over a year later, in December 2011, he filed a new motion to suspend his remaining sentence of probation. In this motion, Padhiyar explained that he was "facing immigration issues in the form of deportation" as a result of "the continued probation in this matter" but raised no substantive legal arguments. The court granted Padhiyar's motion less than two months after its filing. It issued an order to suspend his remaining sentence, citing Tenn. Code Ann. § 40-35-313 and concluding without elaboration that Padhiyar had fulfilled his probation requirements. There is nothing in this order, or elsewhere in the record, to indicate that the state court suspended Padhiyar's remaining sentence due to ineffective assistance of counsel.

Lastly, Padhiyar argues that DHS bears the burden of showing that his conviction was vacated for rehabilitative purposes. In support, he cites two cases, one involving a resident alien,

*Pickering*, 465 F.3d at 268–69, and the other involving a lawful permanent resident, *Barakat v. Holder*, 621 F.3d 398, 401, 404–05 (6th Cir. 2010). In both cases, the petitioners challenged the BIA's determinations that they were removable. But these cases are not applicable to Padhiyar, who has conceded removability. Because Padhiyar is "applying for relief or protection from removal," Padhiyar "has the burden of proof to establish that [he] satisfies the applicable eligibility requirements." *Compare* 8 U.S.C. § 1229a(c)(4)(A) (quoted above), *with* 8 U.S.C. § 1229a(c)(3)(A) ("[DHS] has the burden of establishing by clear and convincing evidence that, in the case of an alien *who has been admitted to the United States*, the alien is deportable." (emphasis added)); *see also* 8 C.F.R § 1240.8(d); *Young v. Holder*, 697 F.3d 976, 988–90 (9th Cir. 2012) (en banc). Because Padhiyar was convicted, for immigration purposes, of a crime of moral turpitude, he is not eligible for cancellation of removal.

## B. Denial of Motion for a Continuance

Padhiyar further argues that the IJ abused his discretion in denying Padhiyar's last motion to continue the removal proceedings. Because the BIA "did not summarily affirm or adopt the IJ's reasoning," but instead explained its outcome, we review the BIA's decision—the "final agency determination"—for abuse of discretion. *Young Hee Kwak v. Holder*, 607 F.3d 1140, 1143 (6th Cir. 2010). The BIA abuses its discretion if its determination "was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Id.* at 1144 (citation omitted).

An immigration judge may grant a continuance of removal proceedings "for good cause shown." 8 C.F.R. §§ 1003.29, 1240.6. In *Young Hee Kwak*, this court affirmed the denial of a continuance where the government opposed the motion, the petitioner had already received several continuances, and the petitioner failed to show a likelihood of succeeding on his pending

application for a waiver of excludability. *See* 607 F.3d at 1144. Padhiyar's case is similar: he, too, had been granted multiple continuances in order to pursue post-conviction relief, but ultimately could not show that he was eligible for cancellation of removal, and the government opposed his motion for a continuance. Furthermore, the BIA did not depart from its own precedents in denying Padhiyar's motion. The Board considered whether Padhiyar was likely to demonstrate that he remained eligible for removal despite his theft conviction and determined that he was not. *See In re Rajah*, 25 I. & N. Dec. 127, 130–31 (BIA 2009) (considering pending application for adjustment of status based on labor certification); *In re Hashmi*, 24 I. & N. Dec. 785, 790–94 (BIA 2009) (considering pending application for family-based adjustment of status). Padhiyar's motion to continue was not improperly denied.

## III.  CONCLUSION

For the reasons discussed above, Padhiyar's petition is denied.