Sutherland v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2013
(Argued: December 10, 2013        Decided: October 8, 2014 )

Docket No. 12-4510
_____

ARLENE ANITA SUTHERLAND,

*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

Before:  CABRANES, WESLEY, and LIVINGSTON, *Circuit Judges*.

Petitioner Arlene Anita Sutherland ("Sutherland") seeks review of an October 19, 2012 decision of the Board of Immigration Appeals (the "BIA") affirming the August 31, 2011 decision of an Immigration Judge ordering her removed from the United States.  The BIA found that Sutherland's 1997 Arizona state conviction for attempted possession for sale of four or more pounds of marijuana constituted a controlled substance offense and an aggravated felony that rendered her removable, despite the state court's intervening vacatur of that conviction.  It reasoned that Sutherland's vacated conviction remained valid for purposes of establishing her removability, because she sought and obtained vacatur under Arizona Revised Statutes § 13-907 solely for rehabilitative reasons

and to avoid the adverse immigration consequences of her conviction. Because Sutherland's conviction stands for federal immigration purposes, the agency's decision was supported by the record and we lack jurisdiction over her petition for review.

PETITION DISMISSED.

_____

JOSHUA BARDAVID, New York, N.Y., *for Petitioner*.

VIRGINIA LUM, Trial Attorney, Office of Immigration Litigation, Civil Division (Stuart F. Delery, Assistant Attorney General, Nancy E. Friedman, Senior Litigation Counsel, *on the brief*), United States Department of Justice, Washington, D.C., *for Respondent*.

_____

PER CURIAM:

Petitioner Arlene Anita Sutherland ("Sutherland"), a native and citizen of Jamaica, seeks review of an October 19, 2012 decision of the Board of Immigration Appeals (the "BIA") affirming the August 31, 2011 decision of an Immigration Judge (the "IJ"). The BIA found her removable under 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of a controlled substance offense and § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, based on her 1997 Arizona state conviction for attempted possession for sale of four or more pounds of marijuana. The issue before us is whether Sutherland's conviction remains valid for federal immigration purposes even after the state

2

court vacated it under Arizona Revised Statutes ("ARS") § 13-907. We find that the record supports the agency's determination that Sutherland's conviction remains a removable offense because she sought and obtained vacatur solely for rehabilitative reasons and to avoid adverse immigration consequences. Therefore, Sutherland's conviction remains valid for federal immigration purposes, and we lack jurisdiction over her petition for review. *See* 8 U.S.C. § 1252(a)(2)(C).

## BACKGROUND

In 1997, Sutherland, then a lawful permanent resident of the United States, pleaded guilty to attempted possession for sale of four or more pounds of marijuana in violation of Arizona law. She was placed on probation for three years and ordered to complete 360 hours of community service. She suffered no immediate immigration consequences as a result of her conviction.

In 2006, Sutherland applied for naturalization. The U.S. Department of Homeland Security denied her application on account of her 1997 conviction and charged her as subject to removal under 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a violation of a law relating to a controlled substance, "other than a single offense involving possession for one's own use of 30 grams or less of

3

marijuana," and under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B). Sutherland admitted to her conviction before the IJ, but declined to concede that she was removable as charged.

While her removal proceeding was pending, Sutherland applied in Arizona Superior Court to vacate her conviction pursuant to ARS § 13-907. In her application, Sutherland stated that since her conviction, she had fulfilled the conditions of her probation, earned a Bachelor of Arts degree in business, opened her own retail store, and become an active member of her community in Rochester, New York. She asserted that her conviction marred her otherwise clean record and caused unwarranted adverse immigration consequences. In 2011, the Arizona Superior Court granted her application without reservation.

Sutherland subsequently moved the immigration court to terminate her removal proceedings on the ground that her conviction had been vacated. The IJ declined to do so because Sutherland had obtained vacatur in order to avoid adverse immigration consequences, not to cure a defect in her underlying criminal proceeding. The IJ ordered Sutherland removed to Jamaica, finding that Sutherland's admission of the state conviction constituted a concession of her

4

removability, and alternatively, determining that her conviction constituted an aggravated felony drug trafficking offense rendering her removable and ineligible for several forms of relief, including cancellation of removal and voluntary departure. The BIA affirmed the IJ's decision, and rejected Sutherland's argument that the IJ had erroneously assigned her the burden of proving the underlying basis for vacatur.

Sutherland has timely petitioned for review. She again argues that the agency erred in assigning her the burden of establishing that her vacated conviction is no longer valid for immigration purposes and that the government did not satisfy its burden in this regard because it submitted no evidence regarding vacatur. Although we are very sympathetic to Sutherland's circumstances, the law compels us to dismiss her petition.

## DISCUSSION

We lack jurisdiction to review a final order of removal against an alien, such as Sutherland, who is removable by reason of a conviction for a controlled substance offense and an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Similarly, we always have "jurisdiction to review

5

the underlying jurisdictional fact at issue – namely, whether [Sutherland] has been convicted of an aggravated felony." *Sui v. INS*, 250 F.3d 105, 110 (2d Cir. 2001). "The jurisdictional inquiry thus merges with the question on the merits: If [Sutherland] is in fact removable because [s]he was convicted of an aggravated felony . . . , we must dismiss h[er] petition for lack of jurisdiction, while if [s]he is not removable . . . , we may exercise jurisdiction and vacate the order of removal." *Id.*[1]

This case is controlled by *Saleh v. Gonzales*, 495 F.3d 17 (2d Cir. 2007). There, we held that the BIA reasonably concluded "that an alien remains convicted of a removable offense for federal immigration purposes when the predicate conviction is vacated simply to aid the alien in avoiding adverse immigration consequences and not because of any procedural or substantive defect in the original conviction." *Id.* at 25. Here, Sutherland applied to vacate her Arizona state conviction pursuant to ARS § 13-907. The Ninth Circuit has held that *any* conviction vacated under ARS § 13-907 is vacated on rehabilitative grounds and thus remains valid for immigration purposes. *See Poblete Mendoza*

---

[1] The scope and standards of review are neither contested nor determinative. We review the decision of the IJ as supplemented by the BIA, *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008), and review the agency's factual findings for substantial evidence and issues of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

6

*v. Holder*, 606 F.3d 1137, 1141–42 (9th Cir. 2010). A conviction vacated under § 13-907 remains admissible in any subsequent state criminal prosecutions as if the conviction had never been vacated. *See* Ariz. Rev. Stat. § 13-907(C)(1). To the Ninth Circuit, this admissibility established that vacatur under § 13-907 is not based on a defect in the underlying conviction. *See Poblete Mendoza*, 606 F.3d at 1142. We agree.

Sutherland argues that because she used the phrase for "good cause appearing" in her vacatur application, the state court may have vacated her conviction for "good cause" unrelated to rehabilitation or her desire to avoid deportation.[2] Specifically, Sutherland posits that the state court may have

---

[2] Sutherland also argues that the agency erred in assigning her the burden of proving that her conviction was no longer valid for purposes of establishing removability. In removal proceedings, the government bears the burden of proving by clear and convincing evidence that an admitted alien, such as Sutherland, is removable as charged. *See* 8 U.S.C. § 1229a(c)(3); *see also Aslam v. Mukasey*, 537 F.3d 110, 115–16 (2d Cir. 2008). The burden then shifts to the alien to produce evidence that she is not removable or that she is eligible for relief from removal. *See* 8 U.S.C. § 1229a(c)(4); *see also Aslam*, 537 F.3d at 115–16. If an alien presents evidence that a predicate conviction has been vacated, we have not decided whether the government or the alien bears the burden of demonstrating the underlying basis for vacatur and, as a result, the continued validity of the conviction for purposes of establishing removability. The Sixth, Ninth, and Tenth Circuits have held that the government bears the burden. *See Barakat v. Holder*, 621 F.3d 398, 403–04 (6th Cir. 2010); *Nath v. Gonzales*, 467 F.3d 1185, 1188–89 (9th Cir. 2006); *Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1130 (10th Cir. 2005). We do not reach that issue here because, regardless of who bore the burden, Sutherland's evidence demonstrated that her vacated conviction remained valid for immigration purposes,

7

vacated her conviction pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010), which held that an attorney is ineffective for failing to advise a client of the immigration consequences of a guilty plea. Sutherland's speculation runs aground on the record. Her application to the state court detailed only rehabilitative and immigration-related reasons in support of vacatur, and her counsel admitted before the IJ that Sutherland had not sought vacatur pursuant to *Padilla*. Moreover, even if she had raised a *Padilla* claim, it would have failed: Her 1997 conviction became final before *Padilla* was decided, and *Padilla* does not apply retroactively. *See Chaidez v. United States*, --- U.S. -----, 133 S. Ct. 1103, 1113 (2013).

Accordingly, the record establishes that Sutherland sought and obtained vacatur of her conviction solely for rehabilitative reasons and to avoid adverse immigration consequences, and so her conviction remains valid for purposes of establishing removability. *See Saleh*, 495 F.3d at 25. Because Sutherland remains convicted of a controlled substance offense and an aggravated felony for federal

---

and remand for the government to resubmit that evidence would be "an idle and useless formality." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969).

8

immigration purposes,[3] we lack jurisdiction over her petition. *See* 8 U.S.C.

§ 1252(a)(2)(C); *see also Saleh*, 495 F.3d at 25; *Sui*, 250 F.3d at 110.

## CONCLUSION

The sad truth of this case is that petitioner's removability only came to light after she applied for citizenship. For almost seventeen years, she has owned and operated a business and by all accounts was a productive member of our society. Now, she will be returned to Jamaica and her community here will be the poorer for it. The Attorney General may, of course, review this matter in the exercise of his discretion in immigration matters. The petition for review is DISMISSED and any outstanding motions are DENIED as moot.

---

[3] Because Sutherland has abandoned the argument that she presented to the BIA that her conviction did not constitute an aggravated felony drug trafficking offense, we do not reach it. That basis for removability alone is dispositive here. There is confusion in the record as to whether Sutherland conceded that she was removable for having been convicted of a controlled substance offense. Sutherland admitted to the fact of her conviction, but declined to concede removability; her attorney later indicated that Sutherland had conceded removability based on the controlled substance charge. Regardless, Sutherland's conviction for attempted possession for sale of four or more pounds of marijuana is clearly a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) because it does not fall under the exception for "a single offense involving possession for one's own use of 30 grams or less of marijuana." The aggravated felony charge and the controlled substance charge each provide an independent basis for removal.