15-3089
*Taylor v. Sessions*

BIA
A047 169 166

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand eighteen.

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges,*
LAWRENCE J. VILARDO,
*District Judge.[1]*

_____

RANDOLF TAYLOR,
*Petitioner,*

v.                                                            15-3089

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

_____

[1] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

*Respondent.*

FOR PETITIONER:              Nancy E. Martin, Collins & Martin, P.C., Wethersfield, C.T.

FOR RESPONDENT:              Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Dawn S. Conrad, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED**.

Petitioner Randolf Taylor ("petitioner" or "Taylor"), a native and citizen of Jamaica, seeks review of a September 2, 2015 decision of the BIA denying his motion to reopen. *In re Randolph Taylor,* No. A047 169 166 (B.I.A. Sept. 2, 2015). We assume the parties' familiarity with the underlying facts, the issues raised in the petition, and procedural history of the case.

We generally lack jurisdiction to review the denial of a motion to reopen filed by a petitioner, such as Taylor, who was ordered removed on the basis of a conviction for a controlled substance offense. *See* 8 U.S.C. § 1252(a)(2)(C); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004). However, we have jurisdiction to review "constitutional claims or questions of law," which are subject to *de novo* review. *See* 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Whether Taylor's 2007 Connecticut state court conviction for possession of a controlled substance (marijuana) remains valid for immigration purposes following his successful Connecticut state court Petition for Destruction of Record of Decriminalized Offense is a question of law over which we have jurisdiction. *See Sutherland v. Holder*, 769 F.3d 144, 146 (2d Cir. 2014).

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). The BIA "ordinarily will not grant such a motion unless the movant has met the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)). The BIA errs or "abuses its discretion" if its "'decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'" *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (quoting *Ka Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2005)).

We previously have observed that "[w]hether one has been 'convicted' within the language of [federal] statutes is necessarily . . . a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State." *United States v. Campbell*, 167 F.3d 94, 97 (2d Cir. 1999) (alterations in original, citation omitted) (internal quotation marks omitted). The Immigration and Nationality Act's definition of "conviction" is ambiguous regarding the treatment of vacated or amended convictions. *See Saleh v. Gonzales*, 495 F.3d 17, 22 (2d Cir. 2007) (discussing 8 U.S.C. § 1101(a)(48)(A)). The BIA has held, however, that there is a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as because the state is interested in rehabilitation or preventing immigration hardships such as this one. Thus, if a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a 'conviction' [for immigration purposes]. *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (B.I.A. 2003), *rev'd on other grounds*, *Pickering v. Gonzales*, 465 F.3d 263, 267-70 (6th Cir. 2006). "If, however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains 'convicted' for immigration purposes." *Id. see also Saleh*, 495 F.3d at 24 (observing that "Congress did not intend to allow an alien to escape those consequences by means of a state vacatur that was not on the merits.").

We have observed that a vacatur will be deemed on the merits when it was "based on [a] showing of innocence or on any suggestion that the conviction had been improperly obtained." *Saleh*, 495 F.3d at 25 n.8 (internal quotation marks omitted). We have accorded *Chevron* deference to the BIA's construction. *Id.* at 24-25. Therefore, the relevant inquiry is whether Taylor's 2007 conviction was vacated on the merits or for some other reason unrelated to procedural or substantive defect.

Here, the BIA followed precedent set forth in *Matter of Pickering*, and did not abuse its discretion in denying Taylor's motion to reopen. Even assuming, as the BIA did, that Taylor's successful Petition for Destruction of Record of Decriminalized Offense amounted to a vacatur of his 2007 conviction, the vacatur was clearly not based on a defect in the underlying criminal proceedings. Instead, Taylor's petition was granted because Connecticut had reduced to a $150-to-$500 fine the penalty for possession of less than one half ounce of marijuana. *See State v. Menditto*, 315 Conn. 861, 863 (2015); *see also Matter of Pickering*, 23 I. & N. Dec. at 624.

Petitioner contends that Connecticut's decision to reduce the penalty for possession of marijuana constitutes an admission that the previous punishment schedule amounted to a legislative defect such that his underlying conviction should no longer be valid for immigration purposes. We disagree. The Connecticut legislature's decision that such possession of marijuana should no longer carry the penalties it once did does not render an otherwise valid past conviction procedurally or substantively defective.

Taylor's conviction thus remains valid for immigration purposes. Moreover, because the BIA did not err in denying Taylor's motion on this ground, we do not consider the BIA's alternative ground for denial (that Taylor's successful Petition for Destruction of Record of Decriminalized Offense did not constitute a vacatur of his 2007 conviction). *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4