Roche v. Garland

BIA
A091 479 159

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-two.

PRESENT: DEBRA ANN LIVINGSTON,
    *Chief Judge,*
  WILLIAM J. NARDINI,
  EUNICE C. LEE,
    *Circuit Judges.*

_____

GUETARY ROCHE, AKA GUETHARI ROACH, AKA EUETARY ROCHE, AKA GUITERO ROACH, AKA GUIDO ROCHE, AKA GUDO ROK, AKA GUY ROACH,
  *Petitioner,*

  v.           20-1537
               NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:   Thomas E. Moseley, Esq., Newark, NJ.

**FOR RESPONDENT:**     Brian M. Boynton, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stephen Finn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Guetary Roche, a native and citizen of Haiti, seeks review of an April 13, 2020 decision of the BIA denying his third motion to reopen. *In re Guetary Roche,* No. A 091 479 159 (B.I.A. Apr. 13, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

In 1997, the BIA affirmed an immigration judge's decision ordering Roche deported for overstaying a visa and for an aggravated felony based on a 1994 New York conviction for first-degree assault. The agency found Roche ineligible to apply to adjust status given a 1990 Florida conviction for cocaine possession. Roche filed his third motion to reopen in 2020 based on a Florida court's 2018 vacatur of the possession conviction. We dismiss his petition for lack of jurisdiction.

As an initial matter, because Roche was ordered removed for an aggravated felony, our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Durant v. I.N.S.*, 393 F.3d 113, 115 (2d Cir. 2004). We review such claims de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Our review is further limited because Roche petitions for review of the BIA's discretionary decision not to reopen *sua sponte*.

An alien may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Roche's 2020 motion was untimely and number-barred because he filed approximately 24 years after his 1997 deportation order and it was his third motion to reopen. While there are exceptions to these limitations, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii)–(iv) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same), Roche does not argue that any apply and he sought to reopen to pursue a waiver of inadmissibility and adjustment of status, which are not among those exceptions, *see Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("emphasiz[ing] that untimely

3

motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied").[1]  Roche argues that the agency should have excused the time and number limitations because he "filed his motion to reopen as soon as [he] could obtain counsel."  However, we do not consider this equitable tolling argument becasue he did not present it to the BIA.  *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 107 n.1, 118–24 (2d Cir. 2007).

Thus, Roche's motion necessarily relied on the BIA's authority to reopen his proceedings *sua sponte*.  *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) ("Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, his motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority."); *see also* 8 C.F.R. § 1003.2(a) (version in effect until Jan. 15, 2021).  The BIA "invoke[s] [its] sua sponte authority sparingly, treating it . . . as an

---

[1] Roche's motion to reopen also requested termination of his removal proceedings, but the vacated cocaine conviction was not the basis of his deportation order.

4

extraordinary remedy reserved for truly exceptional situations." *In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (B.I.A. 1999); *see In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). We do not have jurisdiction to review a BIA decision declining to reopen *sua sponte* because that authority is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). There is one exception: "where the [BIA] may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the [BIA] for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469.

That is not the case here. The BIA did not address Roche's eligibility to pursue a waiver of inadmissibility or adjust his status, but simply found he had not shown an exceptional situation warranting discretionary reopening. *See In re J-J-*, 21 I. & N. Dec. at 984. Roche argues that the BIA misperceived the legal background and deviated from

its settled practice in determining that his conviction remained valid for immigration purposes. While he is correct that a Florida court vacated his cocaine possession conviction, he is mistaken that this vacatur invalidated the conviction for immigration purposes.[2] Roche contends that the Florida prosecutor's observation that the state agreed to vacate the conviction after an "equitable review" and that vacatur was in the "interests of justice" renders the conviction invalid for immigration purposes because *Saleh v. Gonzales*, states that a conviction is vacated on the merits if there is "*any* suggestion that the conviction ha[s] been improperly obtained." 495 F.3d 17, 25 n.8 (2d Cir. 2007)(emphasis added).

There is no suggestion that the Florida court vacated Roche's conviction because it was improperly obtained. Roche alleged in his motion to reopen that the Florida court vacated the cocaine possession conviction as "deficient in the required due process rights" because he "was not advised on the possible immigration impact at the time" he pled guilty.

---

[2] The issue of whether Roche's vacated conviction remains valid for immigration purposes presents a question of law over which we have jurisdiction. *See Sutherland v. Holder*, 769 F.3d 144, 146 (2d Cir. 2014).

Cert. Admin. Record at 27. This allegation in the motion is not itself evidence, *see Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) (noting that "the arguments of counsel are not evidence"), and Roche's other evidence did not establish that the conviction was vacated for that reason. During a hearing on the joint motion to vacate, the prosecutor informed the state court that an "equitable review process" had been conducted and the parties agreed that the cocaine possession charge should be vacated "in the interest of justice." Cert. Admin. Record at 35. The hearing transcript contains no mention of substantive or procedural error in the conviction. Roche did not provide evidence, such as a motion or written request, to establish why the prosecutor reviewed the conviction.

Moreover, Roche's 1990 cocaine possession conviction became final before *Padilla v. Kentucky*, 559 U.S. 356, 374–75 (2010), which held that criminal defense counsel is required to inform a defendant of the immigration consequences of a conviction, and *Padilla* does not apply retroactively. *See Chaidez v. United States*, 568 U.S. 342, 358 (2013). Accordingly, the cocaine possession conviction

remained valid for immigration purposes and the BIA did not "misperceive[] the legal background" in declining to reopen sua sponte. *Mahmood*, 570 F.3d at 469.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court